IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ERNEST EHONWA AND EVELYN COKER**, § § §| |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. 4:18-cv-295 |
| § | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-1, ASSET-BACKED CERTIFICATES, SERIES 2005-1 and SELECT PORTFOLIO SERVICING, INC.,** § § § § § § § § § | |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendants Deutsche Bank National Trust Company as Trustee, in Trust for Registered Holders of Loan Beach Mortgage Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 ("Deutsche Bank, as Trustee"), and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants") give notice of the removal of the state court civil action described below on the basis of diversity of citizenship. As grounds for the removal, Defendants respectfully state the following:

## I.    INTRODUCTION

1. On December 28, 2017, Plaintiffs Ernest Ehonwa and Evelyn Coker ("Plaintiffs") filed their Original Petition and Request for Disclosures against Defendants, numbered and styled as Cause No. 17-DCV-247583, *Ernest Ehonwa and Evelyn Coker v. Deutsche Bank National Trust Company as Trustee, in Trust for Registered Holders of Loan Beach Mortgage Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 and Select Portfolio Servicing, Inc.*, in the 434th Judicial District Court of Fort Bend County, Texas (the "Original Petition").

2. On December 29, 2017, Plaintiffs filed a First Amended Petition and Request for Disclosures (the "Amended Petition.") The only apparent difference between the Original Petition and the Amended Petition (the live pleading) is a request by Plaintiffs for service via certified mail.[1] In the Amended Petition, Plaintiffs allege that their home equity mortgage loan (owned by Deutsche Bank as Trustee and serviced by SPS) is in violation of the Texas Constitution's provisions on home equity lending and is therefore void.[2]

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit "A"** and incorporated herein by reference.

## II.   TIMELINESS OF NOTICE OF REMOVAL

4. Plaintiffs' Original Petition was filed on December 28, 2017, and as of the date of the filing of this notice Plaintiffs have not obtained service on either named Defendant; therefore Defendants' Notice of Removal falls within the 30-day period required by statute and is timely.[3]

## III.  JURISDICTION AND VENUE

---

[1] Compare Original Petition and Amended Petition, copies of which are included in **Exhibit "A"**, attached hereto.

[2] *See* Amended Petition, pgs. 3-6, ¶¶12-17.

[3] 28 U.S.C. §1446(b).

5. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). Defendants seek to remove this case to the Southern District of Texas, Houston Division. The 434th Judicial District Court of Fort Bend County, Texas is located within this District, and cases arising from Fort Bend County are properly assigned to the Southern District of Texas.[4]

7. Pursuant to 28 U.S.C. § 1446(d) Plaintiff is being provided with the written notice of removal, and a copy of this Notice of Removal is being filed with the Fort Bend County District Clerk for the 434th Judicial District Court of Fort Bend County, Texas.

### IV. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

#### A. Complete Diversity Exists.

7. Plaintiffs' state court action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship). Plaintiffs are citizens and residents of Fort Bend County, Texas.[5]

8. SPS is a corporation organized under the laws of Utah and headquartered in Salt Lake City, UT. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Accordingly, for diversity purposes, SPS is a citizen of Utah.

---

[4] *See* 28 U.S.C. § 124(b)(2).
[5] *See* Plaintiffs' Amended Petition, p. 2, ¶¶4-5.

9. Deutsche Bank as Trustee is a citizen of the states of California and Delaware because it is a corporation organized and existing under the laws of Delaware with a principal place of business in California.

10. Accordingly, because Plaintiff is a citizen of Texas, SPS is a citizen of Utah, and Deutsche Bank as Trustee is a citizen of Delaware and California complete diversity of citizenship exists between the properly joined parties and removal is proper.

### B. The Amount in Controversy Exceeds $75,000.00.

11. In this case, the Plaintiffs seek declaratory and injunctive relief that would deprive Defendants from enforcing the terms of Plaintiffs' promissory note and deed of trust and prevent Defendants from asserting its rights to the Property.[6] When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[7]

12. In this instance, according to the Fort Bend County Appraisal District, the value of the property identified as Property ID # R83867 and commonly known as 4222 Oakland Falls DR, Missouri City, TX 77459 (the "Property") has a market appraised value of $243,100.00.[8] Therefore, based on the value of the relief sought by Plaintiffs in the Amended Petition, the amount in controversy exceeds $75,000.00.

---

[6] *See* Plaintiffs' Amended Petition, "Prayer", pgs. 10-11.

[7] *Martinez v. BAC Home Loans Servicing, LP*, Civil Action No. SA–09–CA–951–FB, 2010 WL 6511713, at *7 (W.D. Tex. Sept. 24, 2010); *see also Nationstar Mortgage, L.L.C. v. Knox*, 351 Fed.Appx. 844, 848 (5th Cir. 2009) (*quoting Hunt v. Washington State Apple Advertising Commission*, 432. U.S. 333, 347 (1977)); *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983); *Govea v. JPMorgan Chase Bank, N.A.*, No. G-10-3482, 2010 WL 5140064 (S.D. Tex., Dec. 10, 2010); *Lemessa v. Wells Fargo Bank, N.A.*, No. G-10-0478, 2010 WL 5125956, at *1 (S.D. Tex., Dec. 9, 2010); *Bardwell v. BAC Home Loans Servicing, L.P.*, No. 3:11-CV-1002-B, 2011 WL 4346328 *2 (N.D. Tex. Sept. 16, 2011); *McDonald v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-2691-B, 2011 WL 6396628 *2 (N.D. Tex. Dec. 20, 2011).

[8] *See* Fort Bend County Appraisal District Summary attached as **Exhibit "B"**. It is appropriate for the court to take judicial notice of the Fort Bend County Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and is relevant to the matter at hand. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

13. Accordingly, because all properly joined parties are diverse and Defendants have provided evidence that the amount in controversy exceeds the jurisdictional threshold, Defendants have perfected the removal of this civil action from the 434th Judicial District Court of Fort Bend County, Texas to this Court. In filing this Notice of Removal, Defendants do not waive, and specifically reserve, any and all objections as to service, personal jurisdiction, defenses, exception, rights, and motions.

14. Plaintiffs have demanded a jury trial.

## V. ADDITIONAL REQUIREMENTS

15. Written Notice of Removal will be provided to Plaintiffs' counsel of record and filed with the District Clerk of Fort Bend County, Texas.

WHEREFORE, Deutsche Bank National Trust Company as Trustee, in Trust for Registered Holders of Loan Beach Mortgage Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 and Select Portfolio Servicing, Inc., Defendants in the above-captioned action, pending as Cause No. 17-DCV-247583 before 434th Judicial District Court of Fort Bend County, Texas, hereby remove this action to the United States District Court for the Southern District of Texas, Houston Division and respectfully request that the United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

By: _/s/ Matt D. Manning_
**MATT D. MANNING**
State Bar No. 24070210
MCGLINCHEY STAFFORD
1001 McKinney, Suite 1500
Houston, TX 77002
Telephone: (713) 520-1900
mmanning@mcglinchey.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE AND NOTICE OF FILING

I certify that on 31st day of January, 2018, the foregoing Notice of Removal was sent to the District Clerk of Fort Bend County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

*/s/ Matt D. Manning*
Matt D. Manning

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following attorneys for Plaintiff:

**Via Certified Mail/RRR No. 9414 7266 9904 2059 5444 55,**
**Email and/or Court's ECF E-Filing Service System**
Robert "Chip" C. Lane
Matt Bourda
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX  77036-3300
*Attorneys for Plaintiffs*

*/s/ Matt D. Manning*
Matt D. Manning